ISAAC W. ARCHBOLD AND ANOTHER, RESPONDENT, v.
FRANCESCO LO TRUGLIO, APPELLANT.

Submitted March 21, 1918—Decided June 7, 1918.

A memorandum of sale was signed "I. W. Archbold & Co. per F. Lo
Truglio," the words "F. Lo Truglio" being in the handwriting of
the defendant, Lo Truglio. The contract purported to have been
made between Archbold & Co., as vendors, and Lo Truglio, as ven-
dee. *Held*, that as the defendant could not have signed as agent,
he must have intended to sign as vendee, the signature being
sufficient to comply with section 4 of the Sale of Goods act. *Comp.
Stat., p.* 4648.

On appeal from the Paterson District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Robert H. Cunningham.*

For the appellant, *Ward & McGinnis.*

The opinion of the court was delivered by

SWAYZE, J. The only question we need decide is whether
there is a sufficient signature to the memorandum to comply
with section 4 of the Sale of Goods act. *Comp. Stat., p.* 4648.
The memorandum is in the form of a letter addressed by I. W.
Archbold & Company, the plaintiff, to Frank Lo Truglio, the
defendant. At the bottom appears the following: "I. W.
Archbold & Co. per F. Lo Truglio." The words "I. W. Arch-
bold & Co. per" are said to be in print. The words "F. Lo
Truglio" are in the handwriting of the defendant. It is
suggested that this imports that Lo Truglio signed as agent
for Archbold & Company. As the rest of the memorandum
makes plain without any parole evidence, the contract was
between Archbold & Company as vendors and Lo Truglio as
vendee, Lo Truglio could not in law act as agent for Arch-
bold & Company. *Johnson & Miller* v. *Buck,* 35 *N. J. L.*

338, 342. Since he could not therefore have signed as agent, we must ascertain what he intended by writing his name on the paper. On the face of it, the natural construction would be that he signed as vendee. It would be difficult to suggest any other sensible reason for his signing. In fact, no suggestion was made at the trial that the name was not the signature of Lo Truglio to the memorandum required by statute. The defence was on other grounds not now material. The place on the paper where the memorandum is signed is not important. *Smith* v. *Howell*, 11 *N. J. Eq.* 349, 354; *Hawkins* v. *Chace*, 19 *Pick.* 502; *Richardson* v. *Boynton*, 12 *Allen* 138. Other cases are cited in *Willis. Sales*, § 112, *note* 50.

We find no error. Let the judgment be affirmed, with costs.